UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYRAN JOHN LIEN,

            Petitioner,

v.

ROBERT W. FERGUSON,

            Respondent.

Case No. C23-5522-TSZ-SKV

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Kyran Lien has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1-1. He is seeking to challenge in this action the judgment entered in Kitsap County Superior Court Case No. 17-1-01555-3. *See id*. at 2. The parties, at the Court's direction, have submitted briefing addressing the question of whether Petitioner is "in custody" for purposes of federal habeas review. Dkts. 3, 7, 8. The Court, having now carefully reviewed Petitioner's petition for writ of habeas corpus and the briefing of the parties, concludes that Petitioner's petition and this action should be dismissed with prejudice for want of jurisdiction.

## II. FACTUAL BACKGROUND

Petitioner submitted his federal habeas petition to the Court for filing on June 9, 2023. *See* Dkt. 1. According to the petition, Petitioner was convicted and sentenced in Kitsap County

REPORT AND RECOMMENDATION
PAGE - 1

Superior Court Case No. 17-1-01555-3 on charges of communication with a minor for immoral purposes and tampering with physical evidence. Dkt. 1-1 at 2. Petitioner omitted relevant details from his petition. However, a review of the superior court docket reflects that Petitioner was convicted on October 14, 2019, and was sentenced on November 22, 2019, to a total term of two months confinement.[1] *See State v. Lien*, No. 17-1-01555-3 (Kitsap County Superior Court, filed Oct. 16, 2017), *docket available at* https://odysseyportal.courts.wa.gov/odyportal (last accessed October 11, 2023). Petitioner was also sentenced to serve 12 months of community custody on one of his counts of conviction, and 24 months of unsupervised probation on the other count. *See id*. It appears from the docket that Petitioner satisfied all of the conditions of his supervision on or about May 24, 2021. *See id*.

After reviewing Petitioner's petition, and the state court docket, this Court determined that Petitioner did not appear to be in custody for purposes of seeking federal habeas relief. Thus, on June 21, 2023, the Court issued an Order directing Petitioner to show cause why his petition and this action should not be dismissed for lack of jurisdiction based upon Petitioner's failure to meet the "in custody" requirement. Dkt. 2. On July 19, 2023, Petitioner submitted a response to the Order to Show Cause in which he asserted that he is "in custody," and that this Court has jurisdiction to adjudicate his petition on the merits, because he is subject to the sex offender registration requirements set forth in RCW 9A.44.130.[2] Dkt. 3 at 7-12. He further asserted that he is effectively barred from international travel under 22 U.S.C. § 212b and that

---

[1] The Court may take judicial notice of documents on file in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

[2] The Court notes that Petitioner referenced an exhibit in his response to the Order to Show Cause, which was apparently a copy of his state court judgment and sentence, but he failed to attach the exhibit to his submission. *See* Dkt. 3 at 2. Because the Court was able to obtain necessary details regarding Petitioner's conviction and sentence through the state court docket, it did not direct Petitioner to supplement the record with a copy of the exhibit.

REPORT AND RECOMMENDATION
PAGE - 2

this factor, when viewed in conjunction with the restrictions set forth in Washington's sex offender registration statute, weighs in favor of finding Petitioner to be in custody for purposes of his federal habeas petition. *See id*.

After reviewing Petitioner's response to the Order to Show Cause, this Court determined that it was appropriate to obtain briefing from Respondent regarding the jurisdictional issue raised by the petition. Thus, on July 28, 202, this Court issued an Order directing that Petitioner's petition be served on Respondent and that Respondent file a response addressing only the jurisdictional issue. Dkt. 4. Respondent filed his responsive brief on August 24, 2023, and he argues therein that Petitioner's petition should be denied for lack of jurisdiction because Petitioner fails to show that he is in custody under the judgment and sentence he seeks to challenge in this action. Dkt. 7.

On September 5, 2023, Petitioner filed what he identifies as a reply brief in support of his response to the Court's Order to Show Cause. Dkt. 8. The Court did not invite the filing of a reply brief, but the Court has nonetheless considered the contents of that brief in determining the appropriate disposition of this case.

### III.  DISCUSSION

A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted this statutory language as requiring that a federal habeas petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Id*. at 492. The collateral

REPORT AND RECOMMENDATION
PAGE - 3

1  consequences of an expired conviction, while sufficient to preclude mootness, are not sufficient
2  to satisfy the "in custody" requirement of § 2254. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th
3  Cir. 1990) (citing *Maleng*, 490 U.S. at 492).

4        Nonetheless, the "in custody" requirement of § 2254 may be met even if the petitioner is
5  not physically confined. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (1993)
6  (citing *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963)). *See Jones*, 371 U.S. at 240-43
7  (parole tantamount to custody); *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973)
8  (release on personal recognizance pending appeal satisfies "in custody" requirement); *Dow*, 995
9  F.2d at 923 (mandatory attendance at alcohol rehabilitation program satisfies in custody
10 requirement); *Barry v. Bergen Cnty. Probation Dep't.*, 128 F.3d 152 (3rd Cir. 1997) (community
11 service obligation rendered petitioner "in custody" for purposes of habeas statute). In order to
12 satisfy the custody requirement, the "petitioner must demonstrate that he is subject to a
13 significant restraint upon his liberty 'not shared by the public generally.'" *Dow*, 995 F.2d at 923
14 (quoting *Jones*, 371 U.S. at 240).

15       The Ninth Circuit has consistently held that sex offender registration statutes do not
16 render an individual "in custody" for purposes of federal habeas review. *See Munoz v. Smith*, 17
17 F.4th 1237, 1241-46 (9th Cir. 2021); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999); *Henry*
18 *v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999); *Williamson v. Gregoire*, 151 F.3d 1180,
19 1182-84 (9th Cir. 1998). The Ninth Circuit's leading precedent on this issue is *Williamson*, in
20 which the Ninth Circuit specifically addressed Washington's sex offender registration law. The
21 court held that Washington's law requiring convicted sex offenders to register their address with
22 the county sheriff, verify their address annually, and notify the authorities of moves and
23 enrollment in higher education, did not amount to custody because there was no significant

restraint on the petitioner's physical liberty. *Williamson*, 151 F.3d at 1183-84 ("[T]he constraints of this law lack the discernible impediment to movement that typically satisfies the 'in custody' requirement.")

The Ninth Circuit applied it's reasoning in *Williamson* to subsequently hold that sex offender registration requirements in other states likewise did not constitute custody for purposes of federal habeas review. *See Munoz*, 17 F.4th at 1241-46 (Nevada law); *McNab*, 170 F.3d at 1247 (Oregon law); *Henry*, 164 F.3d at 1241-42 (California law). Most recently, in *Munoz*, a Nevada sex offender sought to challenge the state's imposition of lifetime supervision with conditions that included payment of a $30 monthly supervision fee, being subject to electronic monitoring, residing at a residence pre-approved by his parole officer, and keeping his parole officer informed of his current address. *Id*. at 1238-39. The Ninth Circuit concluded that these conditions did not "severely and immediately restrain the petitioner's physical liberty." *Id*. at 1239. The court thus held that the petitioner was not challenging his "custody" and that his claims were therefore not cognizable in a federal habeas petition. *Id*.

Other circuits, in considering a range of conditions imposed on sex offenders, have reached the same conclusion as the Ninth Circuit, consistently holding that the imposition of sex offender registration requirements does not render a person "in custody" for purposes of federal habeas review. *See, e.g., Hautzenroeder v. Dewine*, 887 F.3d 737 (6th Cir. 2018) (Ohio law); *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070 (10th Cir. 2014) (Colorado law); *Wilson v. Flaherty*, 689 F.3d 332 (4th Cir. 2012) (Virginia and Texas laws); *Virsnieks v. Smith*, 521 F.3d 707 (7th Cir. 2008) (Wisconsin law). The Third Circuit is an exception, finding that the Pennsylvania sex offender registration requirements were sufficiently severe so as to constitute

REPORT AND RECOMMENDATION
PAGE - 5

"custody." *Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA*, 912 F.3d 161, 170-71 (3rd Cir. 2019).

Petitioner acknowledges that courts have generally held sex offender registration requirements do not satisfy the "in custody" requirement of § 2254 but notes, citing *Piasecki*, that sex offender registration requirements can amount to custody when the requirements are sufficiently restrictive. Dkt. 3 at 7. Petitioner argues that the restrictions imposed under Washington's current sex offender law, which has been amended multiple times since *Williamson* was decided in 1998, are now more akin to those held to constitute "custody" in *Piasecki*. *See* Dkt. 8 at 3-4.

The Pennsylvania law at issue in *Piasecki* required sex offenders to register in person every three months for life, to appear in person at a registration site if there were changes to the offenders name, residence, employment, education, phone number, vehicle ownership or operatorship, email address or other online designation, or an occupational or professional license. *Piasecki*, 917 F.3d at 164-65. Offenders were also required to appear in person if they were staying away from their residence for more than seven days, to appear in person monthly and be photographed if they became homeless, and to appear in person at an approved registration site at least 21-days prior to any international travel. *See id*. The Third Circuit concluded that the combined effect of these restraints was sufficiently severe to constitute custody. *See id*. at 171-73.

Petitioner maintains that the primary substantive difference between the restrictions he is subject to under Washington's current sex offender registration law, and those at issue in *Piasecki*, is that he has the option of providing the required notices to authorities either in person or via certified mail, return receipt requested. Dkt. 3 at 10; Dkt. 8 at 4. However, underlying the

*Piasecki* court's conclusion that the Pennsylvania registration requirements were sufficiently restrictive to constitute custody was the fact that the restraints "compelled Piasecki's physical presence at a specific location and severely conditioned his freedom of movement." *Piasecki*, 917 F.3d at 171.

Petitioner's assertion to the contrary, the notice requirements under the current Washington law are not nearly as extensive or restrictive as those provided for in the Pennsylvania statute. Under Washington law, an offender must register with the county sheriff for the county of the person's residence. *See* RCW 9A.44.130(1)(a). An offender must thereafter provide notice to the sheriff prior to arriving at a school or institution of higher learning, prior to starting work at an institution of higher learning, and after terminating enrollment or employment at a school or institution of higher learning. RCW 9A.44.130(1)(d)(i)-(iii). An offender must also provide notice to the county sheriff upon changing a residence address or moving to a new county. RCW 9A.44.130(5)(a)-(b). An offender who moves to another state must register with the new state and provide notice to the county sheriff with whom the person last registered in Washington. RCW 9A.44.130(4)(a)(viii). An offender who intends to travel outside the United States must provide notice of his plan to travel outside the country to the county sheriff at least twenty-one days prior to travel. RCW 9A.44.130(3). Aside from the initial registration, none of the subsequent notifications to Washington authorities are required to be made in person.

The only notification requirement Petitioner identifies in the current Washington sex offender registration law that would mandate his physical presence is that which would apply should he become homeless. *See* Dkt. 3 at 10-11; Dkt. 8 at 4-6. RCW 9.44.130(6)(b) provides that "[a] person who lacks a fixed residence must report weekly, in person, to the sheriff of the

county where he or she is registered." Petitioner asserts that this requirement is even more restrictive than the one provided in the Pennsylvania statute which requires those lacking a fixed resident to report monthly. *See* Dkt. 3 at 10-11; Dkt. 8 at 4-5. Petitioner fails to acknowledge, however, that under the Pennsylvania law this particular notification requirement was one of numerous in-person reporting requirements imposed on offenders, not a singular requirement that applies only in limited circumstances.

Moreover, as Respondent correctly points out, Petitioner is not currently homeless, nor does he show that he "faces a realistic expectation of homelessness." *See* Dkt. 7 at 5. Petitioner merely cites to statistics regarding the prevalence of homelessness in Washington State. *See* Dkt. 3 at 10 n.2. Any suggestion that Petitioner is likely to be subject to this particular restriction is speculative at best. In addition, Petitioner fails to demonstrate that a singular in-person reporting requirement, were it ever to be imposed upon him, constitutes a sufficient restriction to render him in custody for federal habeas purposes.

Finally, Petitioner argues that in addition to the restrictions imposed by Washington's sex offender registration law, he is also effectively barred from international travel under 22 U.S.C. § 212b because of his judgment and sentence. Dkt. 3 at 11-12; Dkt. 8 at 8-10. Pursuant to § 212b, a registered sex offender is required to have a unique identifier on his passport. 22 U.S.C. § 212b(b)(1). The "unique identifier" is defined as "any visual designation affixed to a conspicuous location on the passport indicating that the individual is a covered sex offender[.]" 22 U.S.C. § 212b(c)(2). Petitioner claims that this unique identifier leads to him being barred from entering certain countries. Dkt. 3 at 4. Plaintiff has provided in support of this argument a list of countries that bar sex offenders from entry. *See id*. at 4-7.

The requirements imposed by § 212b do not prohibit Petitioner from traveling nor do they mandate that he obtain approval prior to travel. The fact that individual countries may deny Petitioner entry based upon his status as a registered sex offender is not a function of Washington's sex offender registration law or of Petitioner's underlying judgment and sentence, it is a function of individual countries exercising their sovereign authority to determine the conditions of entry. That federal law requires Petitioner to have a unique identifier on his passport because he is a registered sex offender is, at most, a collateral consequence of his conviction.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

## V.   CONCLUSION

Based on the foregoing, this Court recommends that concludes that Petitioner's petition for writ of habeas corpus and this action be dismissed with prejudice for want of jurisdiction. This Court also recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 27, 2023**.

DATED this 12th day of October, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge